IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RUSSELL BERGER**                                                                          **PLAINTIFF**
ADC #115855

v.                      Case No. 5:16-cv-00263-KGB/BD

**RANDY WATSON**, *et al*.                                                   **DEFENDANTS**

## ORDER

The Court has received and reviewed the Partial Recommended Disposition filed by United States Magistrate Judge Beth Deere (Dkt. No. 46). Plaintiff Russell Berger filed objections to the Partial Recommended Disposition (Dkt. No. 49). Defendants Randy Watson, Dale Reed, John Jenkins, and Mark Stephens filed notice informing the Court that they would not file objections to the Partial Recommended Disposition (Dkt. No. 50). After a careful consideration of the Partial Recommended Disposition and Mr. Berger's timely objections, and a *de novo* review of the record, the Court concludes that the Partial Recommended Disposition should be, and hereby is, approved and adopted as this Court's findings in all respects, subject to one alteration (Dkt. No. 46).

In the Partial Recommended Disposition, Judge Deere found that Mr. Berger's claims against defendants in their official capacities under the Americans with Disabilities Act and the Rehabilitation Act could proceed but noted that Mr. Berger could not recover money damages against defendants in their official capacities (*Id.*, at 5-6). However, plaintiffs can potentially recover damages against defendants in their official capacities under the Americans with Disabilities Act and the Rehabilitation Act. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 635 (8th Cir. 2014) ("As to the request for damages, the MDOC waives sovereign immunity under the [Rehabilitation Act] by accepting federal funds. Title II of the [Americans with Disabilities Act] abrogates both the State of Missouri's and the MDOC's immunity for conduct that actually violates

the Fourteenth Amendment.") (internal citations omitted).[1] Therefore, the Court declines to adopt the Partial Recommended Disposition to the extent that it recommends dismissal of Mr. Berger's claims for monetary damages from the defendants in their official capacities under the Americans with Disabilities Act and the Rehabilitation Act.

Mr. Watson, Mr. Reed, Mr. Jenkins, and Mr. Stephens' motion to dismiss is granted in part and denied in part (Dkt. No. 34). Mr. Berger's claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.A. §§ 2000cc, *et seq.*, are dismissed. Mr. Berger's claims for monetary damages against defendants in their official capacities under the Americans with Disabilities Act and the Rehabilitation Act are not dismissed, but his remaining claims for monetary damages against defendants in their official capacities are dismissed with prejudice.

So ordered this 8th day of August, 2017.

Kristine G. Baker
United States District Judge

---

[1] In *Dinkins*, the Eighth Circuit Court of Appeals did not address whether the Americans with Disabilities Act's and the Rehabilitation Act's "abrogation of state sovereign immunity in a lawsuit for injunctive relief is constitutional under the Eleventh Amendment," because the defendants failed to raise that argument. *Dinkins*, 743 F.3d at 635 n.1. While the individual defendants in this case argue that Mr. Berger's claims against them in their official capacities are barred by the Eleventh Amendment (Dkt. No. 35, at 6-7), they do not address whether the Americans with Disabilities Act's and the Rehabilitation Act's abrogation of state sovereign immunity is constitutional under the Eleventh Amendment. *See Wong v. Minn. Dep't of Human Servs.*, 216 F.Supp.3d 991 (D. Minn. 2016); *Neff v. Dep't of Health and Human Servs.*, Case No. 4:16-cv-3068, 2016 WL 2986249 (D. Neb. May 20, 2016). Therefore, the Court will not address that issue in this Order.